IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ACTIVE WIRELESS TECHNOLOGIES LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC., and T-MOBILE US, INC. <br><br> *Defendants*, <br><br> NOKIA OF AMERICA CORPORATION and ERICSSON INC. <br><br> *Intervenors*. | CIVIL ACTION NO. 2:23-CV-00261-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are (1) Defendants/Intervenors' Motion for Leave to File Motion to Compel Deposition of Properly Prepared 30(b)(6) Designee (Dkt. No. 96, the "Motion for Leave"), and (2) Defendants/Intervenors' Motion to Compel Deposition of Properly Prepared 30(b)(6) Designee (Dkt. No. 97, the "MTC"), both of which were filed by Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. ("T-Mobile" or "Defendants") and Intervenors Nokia of America Corporation and Ericsson Inc. (collectively, "Intervenors"). In the Motion for Leave, Defendants/Intervenors "seek leave to file a motion to compel Plaintiff to produce a properly prepared 30(b)(6) witness as to several topics." (Dkt. No. 96 at 1.) In the MTC, Defendants/Intervenors "move to compel Plaintiff Active Wireless Technologies LLC ('Plaintiff' or 'AWT') to produce a properly prepared 30(b)(6) witness to testify about AWT's knowledge and the factual basis for its positions and contentions." (Dkt. No. 97 at 1.) For the following reasons, the Court finds that the Motion for Leave and the MTC should both be **GRANTED**.

I.      **INTRODUCTION**

On May 31, 2023, Plaintiff filed a complaint alleging that Defendants infringe U.S. Patent Nos. 10,531,443, 11,019,557, 10,785,764, and 10,601,566. (Dkt. No. 1 ¶¶ 8–11.) The Court entered an amended Docket Control Order that set October 22, 2024 as the deadline to complete fact discovery and file motions to compel discovery. (Dkt. No. 80 at 4.)

On September 4, 2024, Defendants/Intervenors served a Rule 30(b)(6) Notice on Plaintiff seeking testimony on, *inter alia*, the following topics:

> **Topic 18**: Any problem purportedly solved by the inventions of each Asserted Patent . . .;
>
> **Topic 27**: The identification of any Accused Products . . . that anyone employed by or acting on behalf of AWT operated, analyzed, tested, or studied before filing the Complaints on May 31, 2023, the nature of the analyses, tests, or studies;
>
> **Topic 45**: The factual basis and support for Your responses to any interrogatories and requests for admission served in the Actions;
>
> **Topic 49**: AWT's Infringement Contentions and infringement allegations . . .; and
>
> **Topic 52**: AWT's rational[e] and factual bases for alleging that the present case is an "exceptional" case . . . .

(Dkt. No. 97 at 2; Dkt. No. 99 at 1–2.) Plaintiff agreed to designate a witness for these topics to "testify regarding relevant, non-privileged, and non-immune information to the extent such information exists and is within AWT's possession, custody, or control." (Dkt. No. 97 at 2.) Specifically, Plaintiff designated Mr. Deepak Sharma, who Defendants/Intervenors deposed on October 22, 2024. (*Id*.) According to Plaintiff, Mr. Sharma is its "Managing Director and only witness." (Dkt. No. 99 at 1.)

During Mr. Sharma's deposition, he repeatedly testified that he was "not the witness" to answer certain questions related to topics on which he was designated to testify. For example, Mr. Sharma offered the following testimony:

2

> **Q.** Do you understand that in connection with Topic No. 49, Active Wireless agreed subject to and without waiving its objections, it was going to provide a witness to discuss this topic, and either confirm that the witness has responsive information or does not have responsive information.
>
> . . .
>
> **A.** Again, as per -- as a plat [sic] towards this testimony, based on my attorney-client privileged discussions with attorneys, I am not the witness for Topic No. 49. It needs to be discussed with the technical expert. And our infringement positions, contentions, have been clearly elucidated and shared with you guys, and I don't have anything more to share or add with respect to 49. I am not the witness.

(Dkt. No. 98-1 at 396:9–397:6.) As another example, Mr. Sharma also offered the following testimony:

> **Q.** Do you know whether Active Wireless has identified any evidence to support its contention that defendants NB-IoT cellular stations infringe the claims of the 443 patent?
>
> . . .
>
> **A.** Again, I'm not the witness. You have to ask this question from the technical expert, please, who is the right expert to answer this question.

(*Id*. at 401:12–21.) In other instances, Mr. Sharma and Plaintiff's counsel directed Defendants/Intervenors' examining attorney to Plaintiff's written contentions and interrogatories in response to questions. (*Id*. at 381:17–382:8, 386:3–387:20, 393:13–394:16, 397:8–399:12.)

## II.     LEGAL STANDARD

A party served with a Rule 30(b)(6) deposition notice must respond in one of two ways: (1) designate a person to testify at a deposition, or (2) move for a protective order. *Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). If the deponent designates a person to testify, the deponent must designate someone with knowledge of the matters sought by the noticing party and prepare that person to answer the questions posed about the subject matter. *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *see also Bowoto v. ChevronTexaco*

*Corp.*, No. C 99–02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) ("The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition.").

Absent a protective order, the Federal Rules of Civil Procedure do not give a party the right to not respond to a Rule 30(b)(6) notice. *La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 488 (N.D. Cal. 2012) (finding a party's "prefer[ence] to provide answers to interrogatories than to prepare a witness for a Rule 30(b)(6) deposition" irrelevant). "If a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, [its designees] must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996).

### III.    ANALYSIS

#### A.    Motion for Leave (Dkt. No. 96)

The Court finds that the Motion for Leave should be granted. Defendants/Intervenors argue that

> [g]ood cause exists to allow the proposed motion to compel past the October 22, 2024 deadline in the Docket Control Order because this issue did not become ripe for adjudication until the parties meet and confer on October 29, which followed the deposition taken on the very last day of discovery due to Mr. Sharma's limited availability.

(Dkt. No. 96 at 1.) Plaintiff "does not oppose Defendants/Intervenors filing their Motion to Compel past the deadline to do so"; rather, Plaintiff only opposes the Motion for Leave on the basis that the MTC is "futile." (Dkt. No. 100 at 1.)

Having considered the Motion for Leave, noting its unopposed nature, and finding good cause, the Court finds that the Motion for Leave should be and hereby is **GRANTED**. Accordingly, the Court will consider the late-filed MTC.

4

### B.      MTC (Dkt. No. 97)

After reviewing the sections of Mr. Sharma's deposition provided to the Court, the Court finds that the MTC should be granted. The Court agrees with Defendants/Intervenors that Plaintiff cannot hide behind Mr. Sharma's claimed ignorance. Mr. Sharma was designated as Plaintiff's corporate witness on Topics 18, 27, 45, 49, and 52. Defendants/Intervenors are entitled to depose an educated, knowledgeable corporate witness to ask factual questions and get responsive answers, within the scope of his designated topics. A corporate witness cannot avoid answering factual questions because those questions may also relate to an expert's opinion—the corporate witness is obligated to testify for the organization. Moreover, Mr. Sharma's and Plaintiff's attempts to deflect and point to Plaintiff's interrogatory responses and infringement contentions in response to questions are unavailing, as "the Rules don't give [Plaintiff] the right to ignore a 30(b)(6) notice and instead rely on previously submitted interrogatory responses." *Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-01554-JRG-RSP, 2017 WL 2452740, at *3 (E.D. Tex. June 6, 2017).

Plaintiff "may take the position it has no knowledge on a topic, but it may not do so without a reasonable investigation about that topic." *Id*. (citing *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)). However, Mr. Sharma did not take the position that Plaintiff has no knowledge of these topics—for many questions, he either refused to answer or he seemed genuinely uneducated. While Plaintiff focuses on Mr. Sharma's personal knowledge,[1] Plaintiff seems to misunderstand the purpose of a 30(b)(6) witness. A 30(b)(6) witness does not testify simply to his or her personal knowledge. A 30(b)(6) witness testifies on behalf of an organization,

---

[1] "Mr. Sharma did provide Defendants with testimony regarding *facts within his knowledge*, such as backgrounds of the patents and the inventors, and the facts and circumstances surrounding his acquisition of the patents. Because Mr. Sharma was adequately prepared to testify as to *facts within his knowledge*, no further deposition is necessary." (Dkt. No. 99 at 1 (emphasis added).)

and the witness "must testify about information ***known or reasonably available to the organization***." FED. R. CIV. PRO. 30(b)(6) (emphasis added).

To be clear, the Court does not find that Mr. Sharma was required to answer questions asking for an expert opinion. However, he was required to provide testimony regarding the Plaintiff's contentions and the factual bases supporting those contentions. Mr. Sharma did not provide factual testimony known or reasonably available to Plaintiff for the Topics at issue in the MTC.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants/Intervenors' Motion for Leave to File Motion to Compel Deposition of Properly Prepared 30(b)(6) Designee (Dkt. No. 96) should be and hereby is **GRANTED**. The Court further finds that Defendants/Intervenors' Motion to Compel Deposition of Properly Prepared 30(b)(6) Designee (Dkt. No. 97) should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Plaintiff shall adequately educate and prepare a Rule 30(b)(6) witness for a two hour supplemental deposition limited to the aspects of Topic Nos. 18, 27, 45, 49, and 52 at issue in the MTC. Such deposition shall occur within twenty (20) days of entry of this Order.

**So ORDERED and SIGNED this 13th day of December, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE