# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ACTIVE WIRELESS TECHNOLOGIES LLC, | § § § Case No. 2:23-cv-00261-JRG § § **JURY TRIAL DEMANDED** |
| Plaintiff, | § |
| v. | § § |
| T-MOBILE USA, INC. and T-MOBILE US, INC., | § § § |
| Defendants, | § § |
| ERICSSON INC. and NOKIA OF AMERICA CORPORATION, | § § § |
| Intervenors. | § § |

**PLAINTIFF ACTIVE WIRELESS TECHNOLOGIES LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE OR EXCLUDE PORTIONS OF THE REBUTTAL EXPERT REPORT OF LAUREN R. KINDLER (DKT. 105)**

## **TABLE OF CONTENTS**

                                                                                                                           **Page(s)**

A.    Ms. Kindler Failed to Assume that Parties to the Hypothetical Negotiation Would Agree the Asserted Claims Are Infringed While Opining on Technical Benefits ................................................................................. 1

B.    Kindler's Unreliable Opinions Regarding the [REDACTED] Agreement ........................................................................................................ 2

C.    Ms. Kindler's Unreliable Opinions Regarding the [REDACTED] Agreement ........................................................................................................ 4

D.    Unreliable Opinions Regarding the [REDACTED] Agreement ......................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Function Media, L.L.C. v. Google, Inc.*,
  No. 2:07-CV-279-CE, 2010 WL 276093 (E.D. Tex. Jan. 15, 2010) ........................................2

**Other Authorities**

Fed. R. Civ. P. 703 ........................................................................................................................4

Fed. R. Evid. 803(6) ......................................................................................................................3

AWT respectfully submits this Reply in further support of its Motion to Strike or Exclude Portions of the Rebuttal Expert Report of Lauren R. Kindler (Dkt. 105).

### A. Ms. Kindler Failed to Assume that Parties to the Hypothetical Negotiation Would Agree the Asserted Claims Are Infringed While Opining on Technical Benefits

Rather than addressing Ms. Kindler's failure to assume that the parties to the hypothetical negotiation would agree that the Accused Products infringe, as required under the *Georgia Pacific* framework, Defendants double down on their arguments minimizing the benefits of the inventions based on non-infringement positions. To be clear, the issue is not that Ms. Kindler relied on Dr. Fuja's opinions regarding technical benefit – it is that Dr. Fuja's sole basis for those opinions is the argument that the products as they are accused do not infringe, and would need to meet additional limitations (based on which he minimizes their benefit). Ms. Kindler frankly admitted as much during her deposition. Mot. at 5.

Defendants' Response only confirms these deficiencies. With respect to the '443 Patent, Defendants re-urge the argument that a code block group cannot comprise a single code block, and their disputed position that certain transport blocks only include a single code block group. These are the same grounds addressed in AWT's Opposition to Defendants' Motion to Exclude Mr. Bates (Dkt. 143 at 15), and similarly reflect Dr. Fuja's non-infringement positions. With respect to the '557 Patent, Defendants' critique similarly relies on their non-infringement argument attempting to read on-demand broadcast out of the claim for SI information after the first SI information, also addressed in AWT's Opposition regarding Mr. Bates. *Id.* at 11-12. In both cases, Dr. Fuja's opinions amount to an argument that the benefit would be smaller, because additional limitations are necessary for the Accused Products to infringe. Ms. Kindler's reliance on that position is inconsistent with the *Georgia Pacific* hypothetical negotiation, in which the products as accused are agreed to infringe.

B.   **Kindler's Unreliable Opinions Regarding the ██████████ Agreement**

Ms. Kindler's reliance on an ███ license for which she does not even know the total license fee is unreliable and should be excluded.

Defendants acknowledge that Ms. Kindler does not know the license fee in the ███████████ Agreement and based her opinions solely on scaling the amount paid by Nokia using Ericsson's North America market share. Defendants do not dispute Nokia's 30(b)(6) testimony that ████████████████ both contributed to the license. They do not address Ms. Kindler's failure to scale the Nokia fee for *any* contribution from ████████, or her reliance on third-party metrics for North American (not U.S.) sales to scale that number to Ericsson. Defendants instead attempt to distinguish these failures from an "attack [on] Ms. Kindler's quantitative methodology." Defendants miss the point – Ms. Kindler's opinions cannot be reliable when (1) they are inconsistent with Mr. Brunelle's 30(b)(6) testimony that ██████ separately contributed to the Agreement; (2) contrary to Mr. Brunelle's 30(b)(6) testimony that it does not know the license fee regarding which Ms. Kindler now speculates; and (3) Ms. Kindler chose to guess at that license fee instead of simply asking her own clients. *See* Ex. 7, 112:10-113:9] These opinions are improper, even independent of Ms. Kindler's quantitative approach. *See Function Media, L.L.C. v. Google, Inc.*, No. 2:07-CV-279-CE, 2010 WL 276093, at *3 (E.D. Tex. Jan. 15, 2010) ("The 30(b)(6) deponent was unprepared. Google's representative could not testify as to the actual parties to the Intellectual Ventures license. . . . Under these circumstances, Google failed to comply with its obligation to educate a witness on the noticed 30(b)(6) topic concerning license agreements. . . . Google's experts may not offer (1) opinions concerning the Intellectual Ventures agreements . . . that go beyond the terms of the agreement."); *see also id.* at *1 ("When the 30(b)(6)

2

representative claims ignorance of a subject during the deposition, courts have precluded the corporation from later introducing evidence on that subject.")

Defendants do not contest that Ericsson and T-Mobile both failed to produce or identify their portions of the ████████ Agreement which they now attempt to introduce (or in T-Mobile's case, erase) through Ms. Kindler's speculation. Instead, Defendants baselessly argue that AWT could have questioned Ericsson and T-Mobile on this agreement. They ignore that Mr. Brunelle did not testify that they contributed to the agreement until *after* the depositions of Ericsson and T-Mobile's licensing witnesses. Their suggestion that AWT should have known that they were parties to the ████████ Agreement, without it being produced or identified in their interrogatory responses identifying dozens of other agreements, and without the benefit of Mr. Brunelle's testimony, is implausible. In any case, it does not somehow cure T-Mobile and Ericsson's attempt to benefit from their failure to comply with their discovery obligations.

Defendants also do not dispute that the ████████ Agreement is hearsay. Instead, they wrongly argue that the business record exception applies, and suggest that even if the agreement is hearsay, Ms. Kindler may launder it. Neither position survives any degree of scrutiny. First, the business record exception does not apply, as no ████████ witness or declarant supports that the document satisfies is a record "made at or near the time . . . by someone with knowledge ... kept in the course of **a regularly conducted activity** of a business . . . [and] making the record was a regular practice **of that activity**." FRE 803(6) (emphasis added). Nokia is not a party to the Agreement and does not even possess the original Agreement, as opposed to the redacted version provided by ██. Under Defendants' rationale, *any* document which Nokia keeps in its records is a business record, irrespective of where it originated from. That is not the rule. The fact that Nokia has a copy of the document does not support that it is a business record

3

of ▓▓▓▓▓▓▓▓, as required for the exception to apply. Second, Ms. Kindler may not launder a hearsay license to make it admissible, and Defendants fail to distinguish the authority cited in the Motion. This is not reliable background information within a witness's expertise on which they may sometimes rely under rule 703 – it is pure factual information based on which she is arguing for the existence and comparability of a document which cannot itself enter evidence. Defendants' reliance on *Wi-LAN* for the extreme proposition that experts may rely on ***any*** hearsay license is unsupported. And while they cite *Lionra Techs.*, that Order's discussion of an ▓▓ agreement did not concern whether the agreement itself was hearsay.

### C. Ms. Kindler's Unreliable Opinions Regarding the ▓▓▓▓▓▓ Agreement

Defendants do not dispute that the ▓▓▓▓▓ presentation is inadmissible hearsay that was not produced during fact discovery. Nor do Defendants dispute that Ms. Kindler relied on the ▓▓▓▓▓ presentation for various factual assertions in her comparability analysis. Instead, Defendants attempt to extricate Ms. Kindler's opinions from the presentation, despite her extensive citations. But even a cursory review of her Report shows that Ms. Kindler relied on the presentation for facts regarding the scope, content, and size of the ▓▓▓▓▓ patent portfolio, and relied on the larger size of the ▓▓▓▓▓ portfolio relative to the number of asserted patents to adjust the rate down. Ex. 1, ¶¶ 92-93, 96.d, 96.f, and 97. Defendants wrongly argue this was not a "quantitative" adjustment, apparently relying the fact that Ms. Kindler did not enumerate the actual adjustment she applied for each factor. That does not somehow make her opinions more reliable. *Id.* ¶ 96.d.

Defendants also make light of AWT's prejudice, while tacitly acknowledging that they did not identify or produce the presentation during discovery, and that AWT did not have the opportunity to question Mr. Delgado regarding the document. Their offer of a supplemental

4

deposition does not cure the failure to produce the document during discovery. AWT had no way to test the accuracy of the document's statements regarding the patents in ▮▮▮▮▮ portfolio, or Ericsson's valuation of ▮▮▮▮▮ portfolio based on those statements. Nor did AWT have any notice of the specific patents listed in the document, out of the thousands in ▮▮▮▮▮ portfolio, which Mr. Bates could have addressed in his technical comparability opinions. Moreover, a late deposition would unfairly allow Defendants to prepare Mr. Delgado with the benefit of Ms. Kindler and Mr. Fuja's opinions, when during fact discovery he was unable to say whether any covered patent was in the same technology area as the Asserted Patents, and not even know "if the technology covered by the license was part of the criteria" in selecting whether it was produced. Ex. 17, 59:25-61:18, 64:8-69:8, 127:21-24. The supplemental deposition would also require supplemental expert reports which are unworkable on the eve of trial.

Finally, while effectively conceding that the presentation is inadmissible hearsay, and is not mentioned within the ▮▮▮▮▮ Agreement at all, Defendants argue that Ms. Kindler should be allowed to launder hearsay from the presentation. Defendants do not address the separate reliability issue with Ms. Kindler baselessly concluding that the presentation describes the patents being licensed within the ▮▮▮▮▮ Agreement. Nor do defendants show that the presentation is data on which "experts in the field would reasonably rely" - it is not. To the contrary, Ms. Kindler relies on pure facts for the truth of the matter asserted, based on which she argues for comparability and attempts to suppress the value of the asserted patents.

**D.     Unreliable Opinions Regarding the ▮▮▮▮▮ Agreement**

Defendants concede that Ms. Kindler relies on Dr. Fuja's technical comparability opinions regarding the ▮▮▮▮▮ Agreement. If Plaintiff's Motion to strike Dr. Fuja's technical comparability opinions is granted, Ms. Kindler's opinions should be excluded on the same basis.

5

Dated: January 6, 2025                                  Respectfully submitted,

                                                         /s/ Vincent J. Rubino, III
                                                         Alfred R. Fabricant
                                                         NY Bar No. 2219392
                                                         Email: ffabricant@fabricantllp.com
                                                         Peter Lambrianakos
                                                         NY Bar No. 2894392
                                                         Email: plambrianakos@fabricantllp.com
                                                         Vincent J. Rubino, III
                                                         NY Bar No. 4557435
                                                         Email: vrubino@fabricantllp.com
                                                         **FABRICANT LLP**
                                                         411 Theodore Fremd Avenue
                                                         Suite 206 South
                                                         Rye, New York 10580
                                                         Telephone: (212) 257-5797
                                                         Facsimile: (212) 257-5796

                                                         Charles Everingham IV
                                                         Texas Bar No. 00787447
                                                         Email: ce@millerfairhenry.com
                                                         Andrea L. Fair
                                                         Texas Bar No. 24078488
                                                         Email: andrea@millerfairhenry.com
                                                         **MILLER FAIR HENRY, PLLC**
                                                         1507 Bill Owens Parkway
                                                         Longview, Texas 75604
                                                         Telephone: (903) 757-6400
                                                         Facsimile: (903) 757-2323

                                                         ***ATTORNEYS FOR PLAINTIFF***
                                                         ***ACTIVE WIRELESS TECHNOLOGIES LLC***



## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ *Vincent J. Rubino, III*
Vincent J. Rubino, III